UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Brian Hobbs,**  )
  )
    Plaintiff,  )
  )  Hon.
v.  )
  )
**Risk Management Alternatives, Inc.,**  )  **1:04CV0809**
a Delaware corporation,  )
  )
    Defendant.  )
  )

Richard Alan Enslen
U.S. District Judge

**Complaint**

### I. Introduction

1. This is an action for damages and declaratory relief, brought by a consumer against a debt collector in response to the debt collector's abusive, deceptive and/or unfair debt collection practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.*

2. Defendant Risk Management Alternatives, Inc. ("RMA") and/or its related entities, are in the business of purchasing delinquent and time-barred consumer debts for a few pennies (or less) on the dollar. RMA attempts to collect the debts through abusive, deceptive and unfair practices, in violation of the FDCPA and MCPA. Specifically, RMA attempts to coerce payment of uncollectible debts by threatening to cause derogatory account information to appear on the consumer's credit report, even though it would be unlawful to report such information because of the passage of time. Similarly, RMA attempts to coerce payment of

1

uncollectible debts by misrepresenting to the consumer that the consumer can be sued to enforce the debt, even though legal enforcement of the debt is barred by applicable statute of limitations. Plaintiff Brian Hobbs is a victim of RMA's unlawful debt collection practices.

## II.     Jurisdiction

3.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiffs' state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

## III.    Parties

4.     Plaintiff Brian Hobbs is a natural person residing in Kent County, Michigan. Mr. Hobbs is a "consumer" as the term is defined and used in the FDCPA. Mr. Hobbs is a "consumer" and a "debtor" as the terms are defined and used in the MCPA.

5.     Defendant Risk Management Alternatives, Inc. ("RMA") is a Delaware corporation, qualified to do business in Michigan since September 17, 1997. RMA is a "debt collector" as the phrase is defined in the FDCPA. RMA is headquartered in Duluth, Georgia. RMA's resident agent in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 3275, Bingham Farms, Michigan 48025. RMA is a "debt collector" as the phrase is defined and used in the FDCPA. RMA is a "collection agency" and a "licensee" as these phrases and terms are defined and used in the MCPA.

## IV.    Facts

6.     More ten years ago, Mr. Hobbs opened a credit account with Sears. Mr. Hobbs used the account to incur debt (the "Debt") for personal, family and/or household purposes. The

2

Debt was a "debt" as the term is defined and used in the FDCPA and MCPA.

7. Nearly ten years Mr. Hobbs became unable to repay the Debt. The Sears account has been in default for more than seven years. No payment has been made on the Sears account for more than seven years.

8. In 1997, RMA or a related entity purchased the Debt. RMA or a related entity purchased the Debt after Mr. Hobbs was in default on the Sears account.

9. By letter dated February 6, 2004, RMA wrote Mr. Hobbs and demanded payment of the Debt. In the letter, RMA claimed that Mr. Hobbs owed $1,506.57 on the Sears account, but offered to settle for a prompt payment of $527.21. The letter contained a toll free telephone number for Mr. Hobbs to call and discuss the matter. A copy of the letter is attached as Exhibit A.

10. On or about November 1, 2004, Mr. Hobbs telephoned RMA and spoke with its employee, "Jose." In the conversation, Jose (at extension 7137) made the following statements:

a) In response to Mr. Hobbs' express question, "When was the last payment on this [account] made?" Jose replied, "We have not received a payment since we've had it. We've had it since 1997."

b) Jose stated that RMA was the current owner of the Debt.

c) In response to Mr. Hobbs' express question, "Is this debt on my credit report?" Jose replied, "Yes sir. It is on your credit report now. The day that we receive the payment for this, whether it's a settlement or it would be paid in full, about thirty days afterwards, we would correct your credit. We only report to Equifax."

d) In response to Mr. Hobbs' express question of how long derogatory information

    regarding the Sears account would remain on Mr. Hobbs' credit report if he did not pay the Debt, Jose replied, "If the payment is not made, it's seven years from the day we received [the account]."

 e) In response to Mr. Hobbs' comment that the Debt was "rather old" and his express question, "Can I still get sued over this?" Jose replied, "In this case, it still could go to legal. Yes sir."

 11. The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, states that no consumer reporting agency may make any consumer report containing information regarding "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

 12. RMA and its employee falsely stated to Mr. Hobbs that derogatory information regarding the Sears account was *at that time* being reported by the consumer reporting agencies as a part of Mr. Hobbs' credit history.

 13. RMA and its employee falsely stated to Mr. Hobbs that derogatory information regarding the Sears account could be reported by the consumer reporting agencies as a part of Mr. Hobbs' credit history for a period of seven years from the date upon which RMA had purchased the account, when in fact, the FCRA states that the seven-year period begins upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action.

14. RMA and its employee misrepresented the length of time for which derogatory information regarding the Debt could remain on Mr. Hobbs' consumer report.

15. RMA and its employee falsely stated that the Debt could be enforced through a lawsuit, when in fact enforcement of the Debt through a lawsuit was barred by the applicable statute of limitations.

16. RMA attempted to collect an amount that exceeded the amount expressly authorized by the agreement creating the Debt or permitted by law.

17. The unlawful debt collection methods, acts and practices of RMA and its employee were willful. The violations of the FDCPA by RMA and its employee were willful.

18. As an actual and proximate result of the acts and omissions of RMA and its employee, Mr. Hobbs has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

## V. Claims for Relief

### Count 1– Fair Debt Collection Practices Act

19. Plaintiff incorporates the foregoing paragraphs by reference.

20. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiffs in connection with the collection of a debt.

   b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading

representations and means in connection with the collection or attempted collection of a debt; and

c)  Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d)  A declaration that defendant's practices violate the FDCPA; and

e)  Such further relief as the court deems just and proper.

## Count 2– Michigan Collection Practices Act

21. Plaintiff incorporates the foregoing paragraphs by reference.

22. Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a)  Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b)  Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor; and

c)  Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiffs seek judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff hereby demands trial by jury.

Dated: December 2, 2004

*/s/ Phillip C. Rogers*
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503
(616) 776-1176